The motion for a new trial is founded on (221) a mistaken notion of the law as to the formation of juries in capital cases. The rule is not that the prisoner shall be tried by a jury of his own choice or selection, but by one against which, after having exhausted his peremptory challenges, he can offer no just exception. He has not the right of claiming that every person drawn as a juror, and tendered to him, shall be of his jury. The Court, to be sure, cannot arbitrarily withdraw a juror from him without any cause. But if in the exercise of this judgment it should improperly allow a challenge made by the State it is no cause for a new trial. That this is the case is most conclusively shown, by the practice under the act of Hen. 8, allowing the King to challenge for cause. Under the statute the uniform practice *Page 142 
has been not to pass upon the cause of challenge until the panel is gone through. The challenged jurors stand aside until that is done, and if a jury is formed without them the cause of challenge is not examined. But if the prisoner had a right to the juror, unless the cause of challenge was good, the Court must have passed upon it before another was drawn. As to the question whether the challenge was properly allowed or not, it is unnecessary to give an opinion, and none is intended to be intimated. The permit, I think, was properly received in evidence, and the law properly laid down by the Judge.
PER CURIAM. No Error.
Cited: S. v. Benton, 19 N.C. 204; S. v. Shaw, 25 N.C. 535; Whitakerv. Cover, 26 N.C. 468; S. v. Lytle, 27 N.C. 61; S. v. Taylor, 61 N.C. 514;S. v. Holmes, 63 N.C. 21; Capehart v. Stewart, 80 N.C. 102; S. v.Efler, 85 N.C. 587; S. v. Washington, 90 N.C. 667; S. v. Hensley,94 N.C. 1028; S. v. Freeman, 100 N.C. 432; Ives v. R. R.,142 N.C. 137.
(222)